[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BY THE DIVISION
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. CR91-416818; CR91-41617; CR91-72976; CR91-42953
Fred DiCaprio, Esq. Defense Counsel, for Petitioner
Christopher Morano, Esq. Assistant State's Attorney, for the State.
After plea of guilty, petitioner was convicted of robbery in the first degree in violation of General Statutes53a-134(a)(4); two counts of robbery in the second degree in violation of General Statutes 53a-135 and in a fourth file, robbery in the first degree in violation of General Statutes53a-134(a) and larceny in the fifth degree in violation of General Statutes 53a-125a.
On the first charge of robbery in the first degree petitioner was sentenced to a term of twenty years execution suspended after ten years with three years probation. On each of the robbery in the second degree counts petitioner was sentenced to a term of ten years. On the additional file a sentence of ten years was imposed for robbery in the first degree and a sixty day sentence was imposed for larceny in the fifth degree. All sentences were to run concurrently for a total effective sentence of twenty years execution suspended after ten years and three years probation.
Petitioner's convictions arise out of a series of robberies committed by petitioner in which he displayed or gave the indication that he was armed with a pistol.
Petitioner's attorney argued that the sentence imposed was inappropriate and that more of the sentence should be suspended. He stated that petitioner was a talented individual, a former teacher, effective salesman and a talented songwriter. The attorney stresses that these crimes occurred in a relatively short period of time and that the cause of such crimes was petitioner's addiction to cocaine. CT Page 7921
Speaking on his own behalf, petitioner affirmed that cocaine was the root of his problem. He also acknowledged the seriousness of the crimes and the affect on the victims and his own family.
The State's attorney argued against any reduction. He stressed petitioner's prior criminal record and the seriousness of these crimes. The State's attorney pointed out that even though petitioner might not have used a firearm in the commission of the robberies, the effect on the victims was the same. They were terrorized and placed in fear of their lives.
This case came to the sentencing judge by pleas of guilty after extensive pretrial negotiations. The State recommended a sentence of twenty years with the execution suspended after fifteen years. The court indicated a lesser sentence and petitioner's attorney urged the court to impose the indicated sentence of twenty years with the execution suspended after ten and three years probation. The judge imposed this sentence.
Petitioner in his remarks to the judge indicated that he was prepared to except the indicated sentence. This division appears to have jurisdiction in the matter under the rule of Staples v. Palten, 214 Conn. 195 (1900).
At the time of sentencing, petitioner had a number of prior criminal convictions including two violations of probation. The offenses for which he was convicted were serious felonies in which petitioner terrorized innocent victims. The sentence imposed was well under the maximum which could have been imposed was less than recommended by the State and, at the time was agreed to by petitioner and his attorney.
Considering all of the factors set forth in Practice Book 942 it cannot be found that the sentence imposed was inappropriate or disproportionate.
The sentence is affirmed.
Purtill, J. CT Page 7922
Klaczak, J.
Miano, J.
Purtill, J., Klaczak, J. and Miano, J. participated in this decision.